IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WARREN MATTHEW GIDDINGS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JKB-21-0707 |
| WARDEN DOVEY, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

On March 19, 2021, the Court received Petitioner Warren Matthew Giddings's Petition for Writ of Habeas Corpus, which challenges his 2019 conviction for first-degree sexual assault and related offenses in the Circuit Court for Montgomery County, Maryland. ECF No. 1 at 1. In the Petition, Giddings alleges that trial court error and prosecutorial misconduct occurred. *Id.* at 5–8. Respondent Warden Dovey filed a limited answer asserting that, although Giddings's claims of trial court error were raised in his direct appeal, his claim of prosecutorial misconduct should be presented in the post-conviction proceeding that is currently ongoing in state court. ECF No. 9 at 7–8.

By Order dated June 23, 2021, the Court granted Giddings the opportunity to respond to Respondent's allegations. ECF No. 10. On July 7, 2021, Giddings filed a reply acknowledging that he has filed a "mixed petition." ECF No. 11. He seeks an Order allowing him to withdraw the Petition, without prejudice to refiling, following exhaustion of all his claims in state court. *Id.* at 4.

For the reasons that follow, Giddings's Petition (ECF No. 1) shall be dismissed without prejudice. His Motion for Summary Judgment (ECF No. 8) is accordingly denied.

1

## Background

In 2019, the state circuit court imposed the balance of Giddings's ten-year sentence after finding that he violated the terms of his probation stemming from a 2015 conviction. State Record at 21, 34, ECF No. 9-1. Subsequently, Giddings filed an application for leave to appeal in the Court of Special Appeals of Maryland, challenging the circuit court's denial of his "motion to dismiss the period of probation." *Id.* at 20, 29. The appellate court affirmed the circuit court's judgment in an unreported opinion. *Id.* at 28–37; *see also Giddings v. State of Maryland*, No. 2343, Sept. Term, 2019 (Md. Ct. Spec. App. Nov. 23, 2020).

On January 30, 2021, Giddings filed a petition for post-conviction relief in the Circuit Court for Montgomery County. State Record at 38–42. Giddings states that the majority of the claims raised in this federal Petition have also been presented to the post-conviction court, which has scheduled a hearing for December 10, 2021. ECF No. 11 at 2.

## Discussion

Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 that challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b)-(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Under § 2254, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017). As this Court previously informed Giddings, the exhaustion requirement is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider it. *See* ECF No. 10 at 1–2. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. *Id.*

To exhaust a claim through post-conviction proceedings, Giddings must raise it in his post-conviction petition filed in the Circuit Court for Montgomery County and, if unsuccessful, he must

2

also raise it in an application for leave to appeal to the Maryland Court of Special Appeals. *See id.*; *see also* MD. CODE ANN., CRIM. PROC. § 7-109. If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted. *See* MD. CODE ANN., CTS. & JUD. PROC. § 12-202. However, if the application is granted, but relief on the merits of the claim is denied, Giddings must file a petition for writ of certiorari with the Maryland Court of Appeals in order to satisfy the exhaustion requirement. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Giddings must also comply with a one-year filing deadline in filing a habeas petition with this Court following his exhaustion of his claims. *See* 28 U.S.C. § 2244(d).[1] Giddings is forewarned that the one-year filing deadline begins to run on the date when his conviction becomes final. The one-year period is tolled during the time when a properly filed post-conviction petition is pending in state court. *See id.* § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed in state court, the

---

[1] This section provides:

(1) "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

3

one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time during which Giddings may seek federal habeas corpus review.

Because Giddings may yet exhaust his claims in state court and return to federal court, the instant Petition will be dismissed without prejudice to provide Giddings with adequate time and notice to comply with both the exhaustion and filing deadline requirements. Giddings will be sent forms and an information packet for filing a § 2254 Petition if he decides to do so after he exhausts his remedies in state court.

### Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Giddings fails to meet this standard, so a Certificate of Appealability shall not issue.

### Conclusion

For the foregoing reasons, Giddings's Petition (ECF No. 1) is DISMISSED without prejudice, and his Motion for Summary Judgment (ECF No. 8) is DENIED. The Court declines to issue a Certificate of Appealability. A separate Order follows.

Dated this __15__ day of July 2021.

FOR THE COURT:

James K. Bredar
Chief Judge